UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MACKE, | CASE NO. 2:26-cv-00501-LK |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| LEONARD'S LANDING LODGE, INC. et al., | |
| Defendants. | |

This matter comes before the Court sua sponte. Plaintiff Michael Macke filed his complaint for damages, injunctive relief, and a declaratory judgment in this Court on the basis of diversity jurisdiction. Dkt. No. 2 at 1–2, 16–17 (citing 28 U.S.C. § 1332). However, the record does not show that complete diversity exists. For the reasons discussed below, the Court orders Macke to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be met "without exception, for jurisdiction is power

ORDER TO SHOW CAUSE - 1

to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). As the party asserting jurisdiction, Macke has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

District courts have original jurisdiction when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005) ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.").

Macke states that Defendant Yakutat Excursions, LLC "is an Alaska limited liability corporation" and asserts in conclusory fashion that its members "are citizens of Utah and none of them are citizens of Georgia." Dkt. No. 2 at 2. Neither the complaint nor the remainder of the record specifically identifies all owners or members of the LLC or their citizenship, as needed for the Court to evaluate diversity jurisdiction and any conflicts of interest. Fed. R. Civ. P. 7.1; *see also Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]"); *see also, e.g.*, *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint made "the conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'"). Macke also asserts that Leonard's Landing Lodge, Inc. "is an Alaska corporation." Dkt. No. 2 at 1. For diversity purposes, a corporation is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated."

ORDER TO SHOW CAUSE - 2

*Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). When the party asserting jurisdiction leaves "unclear where . . . corporations have their principal place of business, it is uncertain whether there is actually diversity of citizenship." *The Ridge at Riverview Homeowner's Ass'n v. Country Cas. Ins. Co.*, No. 21-CV-00950-LK, 2023 WL 22678, at *3 n.4 (W.D. Wash. Jan. 3, 2023) (internal quotation marks omitted) (quoting *Toll CA, L.P. v. Am. Safety Indem. Co.*, No. 16-CV-1523-BTM-RBB, 2016 WL 10907093, at *1 (S.D. Cal. June 27, 2016)); *see also Harborcloud, Inc. v. Sentinel Ins. Co., Ltd.*, No. C16-0651-JLR, 2016 WL 9415204, at *1 (W.D. Wash. May 10, 2016) (allegations that a defendant is a "Washington corporation" are insufficient for diversity purposes absent allegations of a defendant's principal place of business).

Accordingly, within 14 days of the date of this Order, Macke is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction. Failure to do so will result in dismissal. *See* Fed. R. Civ. P. 12(h)(3).

Dated this 1st day of April, 2026.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3