UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL MACKE, | CASE NO. 2:26-cv-00501-LK |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| LEONARD'S LANDING LODGE, INC. et al., | |
| Defendants. | |

This matter comes before the Court on its Order to Show Cause, which required Plaintiff Michael Macke to show cause why the Court should not dismiss his complaint for lack of subject matter jurisdiction. Dkt. No. 8. Macke's response, Dkt. No. 10, does not demonstrate that the Court has subject matter jurisdiction, so the Court dismisses this case without prejudice.

## I.    BACKGROUND

Macke filed his complaint on February 11, 2026 against Defendants Leonard's Landing Lodge, Inc. ("LLL"), Yakutat Excursions, LLC ("Yakutat"), and five individuals. Dkt. No. 1 at 1–2. He contends that "[j]urisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 as there is

ORDER OF DISMISSAL - 1

complete diversity between Macke and the Defendants and the damages sought by Macke exceed $75,000." *Id.* at 2. Macke avers that he is a citizen of Georgia. *Id.* at 1.

On April 1, 2026, the Court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 8 at 1. The Court explained that the complaint averred that Yakutat "is an Alaska limited liability corporation" and asserted in conclusory fashion that its members "are citizens of Utah and none of them are citizens of Georgia." *Id.* at 2 (quoting Dkt. No. 2 at 2). However, the Court noted that "[n]either the complaint nor the remainder of the record specifically identifies all owners or members of the LLC or their citizenship, as needed for the Court to evaluate diversity jurisdiction and any conflicts of interest." *Id.*

As for LLL, the Court noted that Macke asserted that it "is an Alaska corporation," *id.*(quoting Dkt. No. 2 at 1), but for diversity purposes, a corporation is a citizen "of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated," *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). However, Macke did not identify LLL's principal place of business. Dkt. No. 8 at 3. The Court stated that if Macke failed to show cause, it would dismiss the matter. *Id.*

## II.   DISCUSSION

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be met "without exception, for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). As the party asserting jurisdiction, Macke has the burden of establishing it. *See United States v. Orr Water Ditch Co.*,

600 F.3d 1152, 1157 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Despite being given another opportunity to demonstrate jurisdiction, and the Court's specific description of the complaint's deficiencies on that issue, Dkt. No. 8 at 2–3, Macke has still failed to show that this Court has subject matter jurisdiction.

**A.      Macke Does Not Sufficiently Allege the Citizenship of Leonard's Landing Lodge, Inc.**

Macke's response does not identify where LLL has its principal place of business. *See generally* Dkt. No. 10. He states that LLL's 2026 Biennial Report "shows LLL having a physical address" in Yakutat, Alaska, and "lists the names and addresses of ten officials of LLL, none of whom are citizens of Georgia." *Id.* at 3.

"[T]he phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). That location is "often metaphorically called . . . the corporation's 'nerve center,'" which "will typically be found at a corporation's headquarters." *Id.* at 80–81. The principal place of business is "a single place . . . within a State." *Id.* at 93.

Macke does not identify the location of LLL's headquarters or its nerve center. He has filed LLL's 2026 Biennial Report that lists the company's secretary, treasurer, director/president, and vice president's mailing addresses in various locations across eastern and western Washington, Dkt. No. 10 at 14–15, but the Court cannot assume that their mailing addresses are where LLL's "high level officers direct, control, and coordinate the corporation's activities," *Hertz Corp.*, 559 U.S. at 80. Such a presumption is particularly unwarranted "in this era of telecommuting[.]" *Id.* at 95–96. In addition, the Supreme Court has explained that a party asserting diversity jurisdiction must support its assertion "by competent proof," and rejected the suggestion that "the mere filing of a form like the Securities and Exchange Commission's Form 10-K listing a corporation's

ORDER OF DISMISSAL - 3

'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* at 96–97. Similar evidence is insufficient here too. LLL's Biennial Report listing mailing addresses for officials and shareholders in various locations across Washington, Idaho, Wyoming, and Kansas, as well as a physical address for LLL in Alaska, Dkt. No. 10 at 14–15, does not establish the "single place" that is LLL's headquarters or its nerve center. *Hertz Corp.*, 559 U.S. at 93; *see also Health Facilities of Cal. Mut. Ins. Co., Inc. v. British Am. Ins. Grp. Ltd.*, No. CV 10–3736 PSG (JCGx), 2011 WL 97695, at *4 (C.D. Cal. Jan. 11, 2011) (dismissing complaint for lack of subject matter jurisdiction when plaintiff "fail[ed] to carry its burden to identify [its] single principal place of business[.]"). Because Macke has not identified LLL's principal place of business, he has failed to show that LLL is diverse from him.

**B.      Macke Does Not Sufficiently Allege the Citizenship of Yakutat Excursions, LLC**

Macke's jurisdictional allegations regarding Yakutat fare no better. Macke notes that Yakutat's "Article of Organization from the State of Alaska's Department of Commerce, Community, and Economic Development Division of Corporations, Business, and Processional Licensing website . . . lists Yakutat's mailing and physical address" in Anchorage, Alaska and lists the "names of two officials of Yakutat: Sam Ellis . . . and Connie Strang[.]" Dkt. No. 10 at 3. Macke goes on to state that Ellis "has a current address in Murrieta, California" and owns property in Utah. *Id.* at 4. Strong "has a current address in South Jordan, Utah." *Id.*

For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. An Alaska LLC "must have at least one member," and "[a] member of an LLC is a 'person' (individual or entity) who own[s] interest in the LLC." *See* Alaska Dep't of Com., *Entity Type FAQs*, Corporations https://www.commerce.alaska.gov/web/cbpl/Corporations/EntityTypeFAQs (last visited Apr. 16, 2026).

ORDER OF DISMISSAL - 4

Macke has not named Yakutat's owners or members, nor does he argue that the two "officials" he identifies, Ellis and Strong, Dkt. No. 10 at 3, are owners or members (let alone the sole owners or members). And Yakutat's Articles of Incorporation that Macke filed lists Ellis and Strong's titles as "organizer" without indicating that either of them has any ownership interest in Yakutat. *Id.* at 17; *see also* Alaska Dep't of Com., supra ("An LLC may have a manager, who is not required to be a member."). Macke has thus failed to demonstrate Yakutat's citizenship or that the parties are diverse.[1]

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES this case without prejudice for lack of subject matter jurisdiction. Yakutat's Motion to Dismiss is DENIED as moot. Dkt. No. 11. The Clerk is directed to close this case. The Clerk is further directed to seal docket entry 10 because it contains personal identifiers that Macke should have redacted pursuant to Local Civil Rule 5.2(a).

Dated this 23rd day of April, 2026.

Lauren King
United States District Judge

---

[1] Yakutat's motion to dismiss does not provide any additional relevant jurisdictional details. Yakutat notes that it is "organized under the laws of the State of Utah," and registered in Alaska. Dkt. No. 11 at 3 & n.3. Neither its certificate of organization, Dkt. No. 11-2 at 4–5, articles of organization, *id.* at 7–8, nor the Utah Department of Commerce's website, https://businessregistration.utah.gov/EntitySearch/BusinessInformation (last visited Apr. 15, 2026), lists Yakutat's members or owners.

ORDER OF DISMISSAL - 5